The next case called for oral argument is People v. Lawson. The defendant, who was 17 years old, killed a 42-year-old man who had a habit of molesting teenagers. Defendant himself was molested by this man, Corey Kirsch, less than 24 hours before Kirsch was found dead. Basically, what Kirsch did was he would drug these teenagers and then sexually molest them. In fact, two 14-year-old girls were testified at trial. Kirsch was known to have medicine all about his house, and he often spoke of his military experience and how he killed a bunch of people with this knife that he had. Defendant knew all of this. Defendant and his friend, Jim Harper, were over drinking at Kirsch's house and smoking a little cannabis. Harper left. Sometime thereafter, somebody came to Harper's house and said, something funny is going on over at Kirsch's. Harper went over there and found the defendant was laying on the couch. He was unresponsive. He appeared to be drunk. His pants were off, and Kirsch was sexually molesting him. Harper dressed the defendant, took him back to Harper's house. Fifteen hours later, the defendant finally woke up. He felt nauseated. He was dizzy. He had intestinal problems. It wasn't the normal, I've been drinking too much. This was something else. Finally, Harper told him what he had seen when he went to Kirsch's house, how he had seen Kirsch sexually molesting him. Eventually, the defendant decided, Harper, don't call the police. I want to go talk to Kirsch. He went over to Kirsch's house. Kirsch admitted drugging him, admitted molesting him. A struggle ensued. Kirsch had originally pulled out a knife from underneath the couch cushion, then put it back in, and then when he grabbed a hold of the defendant and wouldn't let him go, he was reaching for the knife again, and the defendant pulled the gun out of his sweatshirt and shot him, in what he reasonably or unreasonably believed was self-defense. We argue that the state did not prove, or did not disprove, that the belief was unreasonable. We think the defendant should have been convicted of, at the least, or at the most, second degree instead of first degree murder. Like I said, the defendant was aware that Kirsch often bragged about killing people. He knew his violent tendencies. Kirsch admitted that he had sexually molested the defendant, which for a 17-year-old boy, heterosexual boy, to have an adult male sexually molest him was completely devastating. Kirsch had grabbed the knife once and then put it back under the couch. He was reaching for it again, and he had a hold of the defendant, he was reaching for the knife again. The defendant reasonably believed that his life was in danger. Kirsch, like I said, was more than twice the defendant's age. He was larger, he was almost a foot taller, almost 100 pounds heavier. We believe that the defendant's belief in the need for self-defense was reasonable. Even if it wasn't reasonable, the jury should have found him guilty of second degree murder on an unreasonable belief in self-defense. Now, it's true that the defendant told a different story to the police. He turned himself in to the police, and he told them he had the intent to go over there and murt, M-U-R-T. The state is interpreting that word to mean murder. It's not clear what that, he was never asked what does murt mean. So we don't know what that means. However, the defendant explained his inconsistencies in his statements in that he was 17. He was so embarrassed to have been sexually molested that he needed to build himself up and his statement to the police was more of a statement of bravado. That might not have been the smartest thing to do, but that's how he chose to initially speak to the police about the matter. The fact that he possessed a loaded gun when he did that, that's a fact that's been around for several days. Unless there are any questions in conclusion, we think that, like I said, at the most, he should have been convicted of second degree murder, and we ask that Your Honor should reduce his conviction to that. I don't believe there are. Thank you, counsel. Thank you. May I please support the counsel. My name is Jennifer Camden representing the people. If the events earlier in the evening of the night in question are, as counsel says, that they were, then Corey Kirsch was a bad man who deserved a trial, did he not? And now the people agree in large part with defense counsel's recounting of the tale right up until the part where she said that a struggle ensued. It is at this point that the stories diverge. The defendant presented one account of the events of that night to the police, and another in his testimony at trial. Now the, and I'll come back to that in a moment, but first I'd like to say something about the standard of review here. The question presented here is not whether, as the defendant frames it, whether the state did not disprove defendant's unreasonable belief in the need for self-defense. All that the state was required to prove were the elements of first degree murder, and then as the Illinois Supreme Court has stated in the case brief, the burden then shifts to the defendant to present evidence of his unreasonable belief in the need for self-defense, and he's required to prove that by a preponderance of the evidence. Then if the jury finds, as it did here, that the defendant did not prove by preponderance of the evidence his belief in, unreasonable belief in the need for self-defense, then the question presented for the reviewing court here is whether any rational jury could have found, as the jury did here, that the defendant did not prove by preponderance of the evidence that he had this unreasonable belief. Now that's the way that the Illinois Supreme Court has framed this issue in Blackwell, and in 2008 the second district in Romero, another case cited in the Supreme Court's brief, discusses this burden-shifting review at some length as a helpful decision. So I'd urge the court to look at carefully at the question presented here. I think I heard defendants say that the defendant's belief in the need for self-defense was presented by this appeal. The defendant does not question that the state proved the elements of first-degree murder. The issue here is not whether the defendant was actually acting in such fashion as would exonerate him completely, that the killing was justified. Rather, the defendant would reduce it to second-degree murder. With respect to the defense that was presented at trial that the defendant, when he spoke to the police, was exhibiting bravado that he was traumatized by what had happened to him, I'd submit that if the defendant wanted to build himself up and make himself seem like a big man, then he would have told the story that he presented at trial, that he fought off in hand-to-hand combat a knife-wielding rapist. But this is not what he told the police. Instead, the physical evidence and forensic evidence and the other defendant did not possess an unreasonable belief in the need for self-defense. The only evidence that would tend to show that he did was his own testimony. The defendant told the police that what happened was he walked into the house, was invited in. The two spoke for a while. The victim took out the knife, showed it to him, reminiscing about his time in the military, then put it back underneath the sofa cushion, did not pull it out again. The defendant asked the victim, did you rape me last night? The victim responded, do you think that I would do that to you? The defendant responded, f-yeah, pulled out the gun and shot him in the back of the head. That's what he told the police and some transcripts of the rest of the interview are provided in the state's brief. This account of the shooting is consistent with the physical and forensic evidence. The evidence shows that the bullet entered the top left side of the victim's head and went down and forward indicating that the gun was behind him and that he was, as the defendant told police, shot in the back of the head, not while as he was standing.